## In re CARRIER et al.

(District Court, W. D. Pennsylvania. August 19, 1892.)

BANKRUPTCY—DISTRIBUTION—ASSIGNMENT OF LIENS.

A creditor who has attached property of his debtor within four months prior to the commencement of bankruptcy proceedings is not bound, under Rev. St. § 5075, to execute an assignment of his lien to the assignee, as a condition precedent to sharing in the distribution of the bankrupt's estate, when he has refrained from enforcing such lien in obedience to an injunction from the bankruptcy court; for the attachment, being void or voidable under section 5044, does not come within the provisions of section 5075.

In Bankruptcy. *Sur* exceptions to the register's report. The former opinions of the court upon questions arising in the same proceedings are reported in 39 Fed. Rep. 193; 46 Fed. Rep. 850; 47 Fed. Rep. 438; 48 Fed. Rep. 161. Exceptions sustained, and report modified.

*Thomas B. Alcorn* and *Lyon, McKee & Sanderson*, for creditor.

*Levi Bird Duff*, for assignee.

BUFFINGTON, District Judge. E. G. Carrier has excepted to the report of the register in that he has refused to award him $6,101.84 as a dividend upon a note made by John Carrier, one of the bankrupts, and owned by the exceptant. The register has found the note was a valid debt, and Carrier is therefore *prima facie* entitled to the dividend. This the register has failed to allow him for the following reasons: In the circuit court of Bay county, Mich., on May 22, 1874, E. G. Carrier issued an attachment against John Carrier, by virtue of which personal and real property, in excess of the present claim, was attached. He is of opinion that E. G. Carrier never having assigned his right in said attachment to the assignee, as provided by section 5075, Rev. St., he should be debarred from sharing in this fund. Had the case ended here, we must find the register correct; but there are other facts which materially change the question. The petition in bankruptcy was filed June 11, 1874, and the adjudication made June 22d; the attachment was therefore clearly within the four months' voiding clause of section 5044, Rev. St. Whether voidable or void we need not inquire. If not void *ipso facto*, it was without doubt voidable, and conferred on E. G. Carrier no enforceable rights whatever against the assignee. On September 12, 1874, pending the appointment of an assignee, Andrew F. Baum, a creditor of John Carrier, presented a petition to this court praying for an injunction to restrain E. G. Carrier from prosecuting this attachment, and alleging the same was void. His prayer was granted, and an order made as follows:

"And it is further ordered that until the decision of this court upon the said motion the said parties against whom an injunction is prayed are restrained * * * to abstain from any and all interference by execution, levy, sale, or any other manner whatever with the property or estate of the above-named debtor, John Carrier."

This injunction was served on E. G. Carrier, September 14, 1874. He made no answer to the petition, and has obeyed it; his attorneys in

Michigan instructing the sheriff not to proceed thereon. Carrier has never realized anything upon it, the assignee took no steps to repudiate the action of the creditor taken prior to his appointment, and the injunction is in force to-day, presumably with his consent, and at any time he could have had it made perpetual, as prayed for.

The attachment having been made within four months next preceding the commencement of the bankruptcy proceedings, we are of opinion (this court having enjoined Carrier from proceeding on his attachment, and he obeying our order,) that it would be very inequitable to now presume his claims had been satisfied because the sheriff had attached sufficient property prior to our order. Nor do we think that this case comes within the spirit, or even the letter, of section 5075, requiring a conveyance, etc. That statute was evidently passed to cover valid claims against the bankrupt, not void ones, and to aid in disposing of the bankrupt's estate to the best advantage. It was not meant to apply to cases where there was no lien, where the process of attachment was within four months of the bankruptcy proceedings, and where there was, in fact, nothing to convey or release to the assignee. There was no reason why such claims should be conveyed. It was the duty of the assignee to void them entirely as being invalid, under section 5044, and not to take a conveyance or release of them as being valid, under section 5075. Such release by E. G. Carrier at any time, of all claims under the attachment, would have conferred no rights on the assignee which he did not already possess; and, if the attachment were a hindrance to the sale of the bankrupt's lands in Michigan, this court could and would have granted the necessary relief. The fact that it was not asked for by the vigilant assignee shows there was no trouble from it.

The burden of showing some sufficient reason why E. G. Carrier should not be paid the dividend upon his note rests upon those objecting thereto. We are of opinion they have failed in meeting this burden. The sum of $6,101.84, being the *pro rata* share of E. G. Carrier's third claim, is therefore awarded him, and to that extent the exceptions are sustained, and the register's report modified.